IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 8 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

| | |
|---|---|
| ADAM BOLEN, | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEPUTY MICHAEL ERIC SAIN, and | )  Civil Action No. 7:16CV00321 |
| DEPUTY BARRY LINEBERRY | ) |
| | ) |
|      Defendants. | ) |

## COMPLAINT

Plaintiff Adam Bolen, by and through the undersigned counsel, hereby brings this Complaint against Defendants Deputy Michael Sain and Deputy Barry Lineberry for civil rights abuses in violation of the United States Constitution, federal statutes, and the laws of Virginia, and in support thereof states as follows:

## INTRODUCTION

1. This matter arises out of the excessive force used in the arrest of Plaintiff Adam Bolen ("Mr. Bolen" or "Plaintiff") on or about July 9, 2014 by Defendants Deputy Michael Sain ("Defendant Sain") and Deputy Barry Lineberry ("Defendant Lineberry").

2. The brutal assault and battery which occurred throughout Mr. Bolen's arrest caused him serious injuries which resulted in hospitalization as well as significant pain and suffering.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action over Plaintiff's federal law claims under 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims under §1367.

4. Personal jurisdiction is proper over all Defendants because they all either reside or work within the Roanoke Division of the Western District of Virginia.

5. Venue is proper in this Court under 28 U.S.C. §1391(b) and assignment to this division pursuant to Local Rule 2(a)(7), because all events related to this matter took place in Carroll County, which is within the Roanoke Division of the Western District of Virginia.

## PARTIES

6. Plaintiff Adam Bolen (hereinafter referred to as "Mr. Bolen" or "Plaintiff") is an individual and, for all times relevant to this action, a resident and domiciliary of the Commonwealth of Virginia.

7. Defendant Michael Sain (hereinafter referred to as "Defendant Sain") is an individual and, for all times relevant to this action, was employed by the Carroll County Sheriff's Department and was a resident and domiciliary of the Commonwealth of Virginia. Defendant Sain is being sued in his individual capacity.

8. Defendant Barry Lineberry (hereinafter referred to as "Defendant Lineberry") is an individual and, for all times relevant to this action, was employed by the Carroll County Sheriff's Department and was a resident and domiciliary of the Commonwealth of Virginia. Defendant Lineberry is being sued in his individual capacity.

## FACTS

9. On or about the late evening of July 9, 2014, or the early morning of July 10, 2014, Mr. Bolen was in the home of a friend, located at 6732 Popular Camp Road, Austinville, VA 24312 in Carroll County.

10. Defendant Sain was dispatched to that location to investigate a complaint that there were unsupervised children in need of a welfare check.

11. Around, or sometime shortly after, midnight on July 10, 2014, Defendant Sain entered the residence and was quickly informed that there were no children present there

12. Defendant Sain, however, allegedly saw materials which led him to believe that

methamphetamines were being illegally produced in the residence.

13.    Defendant Sain called for Defendant Lineberry to assist him. Once Defendant Lineberry arrived, Mr. Bolen and his friend were told to exit the residence. They both complied.

14.    Defendant Sain informed Mr. Bolen that he was under arrest for possession of methamphetamines and attempted to handcuff Mr. Bolen.

15.    Mr. Bolen, without attacking or threatening either officer, fled on foot.

16.    Defendant Lineberry then used a Taser gun to subdue Mr. Bolen. The Taser struck Mr. Bolen in the back, which incapacitated him. Mr. Bolen immediately fell to the ground, striking his face against the pavement.

17.    After being struck by the Taser, Mr. Bolen was fully subdued. He lay on the ground motionless, bleeding from his face.

18.    Mr. Bolen did not have any weapons, nor did he give the officers any reason to suspect that he had any weapons. Mr. Bolen did not act in a threatening manner in any way.

19.    Upon information and belief, and despite Mr. Bolen being fully incapacitated after being struck by the Taser, both Defendants Sain and Lineberry, without need or cause, struck, beat, attacked and otherwise assaulted Mr. Bolen relentlessly while he was on the ground, resulting in serious and excessive injuries to Mr. Bolen.

20.    Mr. Bolen was admitted to Roanoke Memorial Hospital around 3:00 a.m. on July 10, 2014.

21.    Upon information and belief, Deputies Sain and Lineberry claim that Mr. Bolen's injuries resulted solely from falling and hitting his face on the ground after the Taser was employed.

22.    The medical evidence strongly contradicts the notion that Mr. Bolen's injuries

occurred as result of a single fall to the ground. In particular, Mr. Bolen presented to the hospital on July 10, 2014 with various injuries inconsistent with a single Taser blast and fall to the ground. Among his injuries, Mr. Bolen presented to the hospital with an open fracture on his facial bones, including a broken nose, bloody lip, fracture of the orbital floor (eye socket), and fracture on the base of his skull, a chipped tooth, abrasions on his elbow, forearm, wrist, and hands, a contusion on his shoulder, and a closed fracture of his fourth cervical vertebra.

23. The above listed wounds caused Mr. Bolen significant pain and suffering and required significant medical attention. Mr. Bolen was hospitalized at Roanoke Memorial for 11 days and has experienced continuing medical complications related to the attack since it occurred.

**<u>COUNT I</u>**
**Excessive Force (42 U.S.C. §1983)**

24. Plaintiff hereby incorporates the allegations in the preceding and subsequent paragraphs as if fully set forth herein.

25. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable seizures shall not be violated." U.S. Const. Amend. 4.

26. The Fourth Amendment's protections apply to use of excessive force by law enforcement officials against a free citizen. <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989).

27. The Fourth Amendment is applicable to the Commonwealth of Virginia under the Fourteenth Amendment.

28. The Defendants unreasonably used excessive force against Mr. Bolen when they continued to strike, beat, attack and otherwise assault Mr. Bolen after he had been fully incapacitated by a Taser gun.

29. Because Mr. Bolen did not resist arrest, possess a weapon, or otherwise threaten

the defendants after being struck by the Taser, any and all attacks upon Mr. Bolen after employment of the Taser constitute the use of excessive force and a deprivation of Mr. Bolen's constitutional rights.

30. No objectively reasonable deputy would believe that Mr. Bolen's actions or behavior posed an immediate or significant risk of harm to any other person.

31. Further, no objectively reasonable deputy would believe that there was any legal or other justification to physically beat Mr. Bolen after he was incapacitated by the Taser. In fact, there was no legal or other justification for such use of force.

32. Focusing on the moment that Deputies Sain and Lineberry assaulted Mr. Bolen, as described herein, it is clear that their actions were objectively unreasonable. Deputies Sain and Lineberry were not operating in a legal gray area, but rather transgressed a bright line in violating the constitutional rights of Mr. Bolen.

33. The Defendants' use of excessive force on Mr. Bolen caused or otherwise contributed to the severe injuries described above.

34. Upon information and belief, both Defendants participated in the brutal and unjustified beating of Mr. Bolen. However, if only one Defendant actually caused Mr. Bolen's injuries, the other officer would still be liable based on bystander liability under 42 U.S.C. §1983.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against each of the Defendants, jointly and severally, in the amount of approximately $1,000,000, or in such greater amount to be determined at trial, as well as costs, prejudgment interest, attorneys' fees, punitive damages and such other relief that the Court may deem appropriate.

## COUNT II
### Assault

35.    Plaintiff hereby incorporates the allegations in the preceding and subsequent paragraphs as if fully set forth herein.

36.    On July 9 or 10, 2014, after having been struck by a Taser gun, Mr. Bolen was lying motionless on the ground near the Defendants and was fully incapacitated.

37.    The Defendants, acting within the course and scope of their employment with the Carroll County Sheriff's Department, placed Mr. Bolen in reasonable apprehension of bodily harm and/or harmful and/or offensive and unpermitted contact with Mr. Bolen's person when each Defendant struck, beat, or otherwise harmed Mr. Bolen despite the fact that Mr. Bolen was unable to, and did not, resist any further attempts at arrest.

38.    The Defendants had no justification to cause further physical harm to Mr. Bolen. The Defendants lacked any reason to believe that Mr. Bolen was armed, dangerous, or otherwise threatening.

39.    The Defendants' unlawful, intentional, and/or grossly negligent actions placed Mr. Bolen in reasonable apprehension of bodily harm and/or offensive and unpermitted contact with Mr. Bolen's person and, in fact, resulted in such harmful, offensive, and unpermitted contact.

40.    As a direct and proximate cause of the Defendants' unlawful, intentional, and/or grossly negligent actions, Mr. Bolen injured by, including but not limited to, suffering extensive physical injuries, as described herein, and severe mental anguish due to the egregious nature of the Defendants' actions.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against each of the Defendants, jointly and severally, in the amount of approximately $1,000,000, or in such greater amount to be determined at trial, as well as costs, prejudgment

interest, attorneys' fees, punitive damages and such other relief that the Court may deem appropriate.

**COUNT III**
**Battery**

41.     Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

42.     Battery is the unlawful touching of another. Any arrest which utilizes excessive physical force constitutes battery because the touching is not justified or excused.

43.     At all relevant times, both Defendants had a duty to use only the amount of force necessary to conduct a lawful arrest of the Plaintiff.

44.     Defendants breached their duty by using far in excess of the necessary amount of force in subduing the Plaintiff.

45.     After Mr. Bolen was struck by the Taser and fell to the ground, he was no longer fleeing or resisting arrest. Thus, all strikes, beatings, or other blunt force inflicted by the Defendants at that time constituted unwanted, unexcused, and unjustified bodily contact with Mr. Bolen.

46.     The extensive injuries suffered by Mr. Bolen are highly inconsistent with the injuries one would expect to suffer from a single Taser shock and subsequent fall. All injuries to Mr. Bolen not caused by the Taser and subsequent fall constituted unjustified, unlawful, and unpermitted contact with Mr. Bolen.

47.     Each unpermitted contact with Mr. Bolen caused him physical pain.

48.     Each unpermitted contact with Mr. Bolen was objectively unreasonable, offensive, and unlawful.

49.     The Defendants exposed the Plaintiff to, and directly caused, needless and

avoidable harm. Defendants' breach of their duties was the sole and proximate cause or otherwise contributed to Mr. Bolen's extensive injuries.

50.    As a direct and proximate result of the Defendants' unlawful, intentional, and/or grossly negligent actions, Mr. Bolen has been injured in various respects, including, without limitation, suffering physical injuries and severe mental anguish due to the egregious nature of the Defendants' actions.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against each of the Defendants, jointly and severally, in the amount of approximately $1,000,000, or in such greater amount to be determined at trial, as well as costs, prejudgment interest, attorneys' fees, punitive damages and such other relief that the Court may deem appropriate.

## JURY DEMAND

Plaintiff requests a jury trial of all issues so triable.

Respectfully filed,

**ADAM BOLEN**

Seth R. Carroll (VSB No. 74745)
Commonwealth Law Group, LLC
1506 Staples Mill Road
Suite 202
Richmond, VA 23230
Phone: (804) 387-6212
Facsimile: (866) 238-6415
scarroll@hurtinva.com